IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-245-FL

| | | |
|---|---|---|
| PHILIP EMIABATA and SYLVIA EMIABATA, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| DAVID M. WARREN U.S. BANKRUPTCY JUDGE, Individually and in his Official Capacity as U.S. Bankruptcy Judge, | ) ) ) ) ) | ORDER |
| Defendant. | ) | |

This matter is before the court upon review of plaintiffs' complaint pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert B. Jones, Jr. entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiffs' complaint be dismissed (DE 8). Plaintiffs filed objections to the M&R. In this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

1

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the magistrate judge recommends dismissal of plaintiff's action because defendant is immune from civil liability for claims arising in a bankruptcy case before him.

Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough and correct. The court hereby ADOPTS the recommendation of the magistrate judge as its own. Plaintiffs' objections are unavailing, because they do not provide any basis from departing from the well established rule that judges performing judicial acts within the context of a case before the court, as defendant is alleged to have done here, are entitled to absolute judicial immunity from civil liability claims. See Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 357 (1978); Dean v. Shirer, 547 F.2d 227, 231 (4th Cir. 1976).

Accordingly, for the reasons stated in the M&R and herein, plaintiffs' action is DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2), failure to state a claim upon which relief can be granted due to judicial immunity. The clerk of court is DIRECTED to close the case.

SO ORDERED, this the 25th day of November, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge

2

Case 5:24-cv-00245-FL     Document 11     Filed 11/25/24     Page 2 of 2